NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES MICHAEL PORRAS, *Appellant.*

No. 1 CA-CR 17-0489
FILED 5-31-2018

Appeal from the Superior Court in Coconino County
Nos. S0300CR201600301
S0300CR201600565
(Consolidated)
The Honorable Jacqueline Hatch, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge David D. Weinzweig joined.

---

**C R U Z**, Judge:

¶1        James Michael Porras appeals from his conviction and sentence on count three, aggravated assault.  For the reasons set forth below, we affirm.

**FACTUAL AND PROCEDURAL HISTORY[1]**

¶2        In March 2016, victim, Regina[2], began working at a sandwich shop in Flagstaff where Porras was a manager.  Over the next several days, Porras and Regina became friendly—they exchanged numerous text messages and met outside of work.  The second time they met outside of work, Porras sexually assaulted Regina.[3]  After the encounter, Regina was "freaked out" and, while driving Porras back to his vehicle, got into an accident, totaling her car.  Later that night, Porras began sending Regina text messages apologizing for "everything that had happened."

¶3        Two days later, Regina and Porras were working together. During their shift, Porras was "upset" and began to send Regina text messages expressing his feelings for her and his frustration that Regina was not interested in pursuing a relationship with him.  At the end of the night, Porras asked Regina to retrieve some cookies from the store's walk-in freezer.  Porras followed.  He "crept up behind" her inside the freezer and hit her on the back of the head with "something blunt."  Regina became

---

[1]        "[W]e view the evidence in the light most favorable to sustaining the verdict, and we resolve all inferences against the defendant."  *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004).

[2]        We reference the victim herein by the pseudonym provided in the State's answering brief.  *See* Ariz. R. Crim. P. ("Rule") 31.13(c)(5) (renumbered as 31.10(f), effective Jan. 1, 2018).

[3]        The details of this event provided the factual basis for Porras' convictions of counts one and two, but are not relevant to this appeal.

disoriented, her "vision went white" and her "ears started ringing." Regina touched the back of her head and discovered she was bleeding. Porras then grabbed Regina by the neck and strangled her. Once freed, Regina ran out of the store to her mother's car, drove to the police station, and called 9-1-1 from the car. Regina identified Porras and explained to police that Porras hit her on the back of her head with a five-pound metal object used to open "pickle buckets."

¶4  The State charged Porras with two counts of sexual abuse and three counts of assault, including aggravated assault, a Class three dangerous felony, by causing physical injury to Regina using a deadly weapon or dangerous instrument. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1204(A)(2). The dangerous instrument was the large metal pickle jar opener. The case proceeded to trial, and the superior court instructed the jurors as follows:

> The crime of aggravated assault requires proof of the following:
>
> [] 1. The defendant committed an assault;
>
> 2. The assault was aggravated by at least one of the following factors: The defendant used a deadly weapon or dangerous instrument.
>
> . . .
>
> "Dangerous instrument" means anything that is readily capable of causing death or serious physical injury under the circumstances in which it is used.
>
> "Physical injury" means the impairment of physical condition.

The jurors convicted Porras on all counts.

¶5  We have jurisdiction over Porras' timely appeal pursuant to Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶6  Porras argues that the trial court committed reversible error when it failed to give a jury instruction defining "serious physical injury" in relation to count three, because the definition is "absolutely essential to

define 'dangerous instrument'[.]"[4] The State contends Porras did not object below with sufficient specificity and, consequently, this court should review for fundamental error.

**¶7** Arizona Rule of Criminal Procedure 21.3(c) requires that a party objecting to a court's failure to give an instruction state his objection "before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of his or her objection." Failure to enter an objection to the omission of a jury instruction with specificity forfeits the claim on appeal. *State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005).

**¶8** Here, during the finalization of jury instructions, the State requested that the superior court not instruct the jury on the definitions of dangerousness or serious physical injury because neither was an element of the charged aggravated assault offense under A.R.S. § 13-1204(A)(2). Porras partially objected. He argued that *if* dangerousness is an element of the offense, then "serious physical injury" should be defined because it is required to prove dangerousness. The court omitted the definition of serious physical injury from the final jury instructions.

**¶9** Porras' objection below was directly related to the definition of "dangerousness" and not to the definition of "dangerous instrument." We find that, on this record, Porras did not adequately state the grounds of his objection and thus has not preserved the issue for appeal. When an appellant has failed to preserve an issue for appeal, we review for fundamental error. *Henderson*, 210 Ariz. at 567, ¶ 19. Under fundamental error review, Porras carries the burden of persuasion in establishing both that "fundamental error exists and that the error in his case caused him prejudice." *Id.* at ¶ 20.

**¶10** Assuming without deciding that fundamental error exists, Porras cannot show prejudice. To show prejudice, Porras must establish that a reasonable jury could have reached a different result had it been properly instructed. *See id.* at 569, ¶ 27. First, Porras did not defend on a theory that the pickle jar opener was *not* a dangerous instrument; instead, he argued that there was no evidence proving he used the pickle jar opener during Regina's assault. *See State v. Johnson*, 205 Ariz. 413, 417, ¶ 11 (App.

---

[4] A dangerous instrument is defined as "anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury." A.R.S. § 13-105(12).

2013) (holding we may consider jury instructions "in context and in conjunction with the closing arguments of counsel.").

¶11        Additionally, Regina testified that Porras followed her into the walk-in freezer, crept up behind her, and hit her on the back of her head with a five-pound metal instrument used to open pickle buckets.  The superior court admitted photographs of Regina's head injury and a photograph of the instrument, found in the walk-in freezer, where the assault occurred.  Porras has not shown—and it is improbable that he could show—that given this record, even if the court defined "serious physical injury," the jurors would have reached a different result. *See State v. Gordon*, 161 Ariz. 308, 310 (1989) (holding that it is the manner in which an instrument was utilized against a victim that determines whether it was used as a dangerous instrument).

## CONCLUSION

¶12        For the foregoing reasons, we affirm Porras' conviction and sentence of aggravated assault.



AMY M. WOOD • Clerk of the Court
FILED:  AA